UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLER BUCKBERRY,

    Plaintiff,

v.

MORNINGSIDE PROPERTY
MANAGEMENT, LLC, D/B/A
MORNINGSIDE USA,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Grant Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Tayler Buckberry, by and through her attorneys, HURWITZ LAW, PLLC, and states the following:

1.      Leasing Consultant Tayler Buckberry was unlawfully misclassified as exempt from overtime pay requirements and then terminated by Defendant on July 15, 2022 in violation of Michigan public policy when she refused to cover up a coworker's criminal theft on premises and then reported the matter.

## PARTIES AND JURISDICTION

2.      Plaintiff is a resident of Ypsilanti, Michigan, which is located in Washtenaw County.

3.      Defendant Morningside Property Management, LLC, d/b/a Morningside USA is a domestic for-profit corporation with its corporate office located in Chicago, Illinois, which is located in Cook County. Defendant regularly conducts business in Washtenaw County.

4.      Plaintiff brings her statutory claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 and the Bullard-Plawecki Employee Right to Know Act, MCL 423.501 to MCL 512.

5.      The U.S. District Court for the Eastern District of Michigan has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Plaintiff resides in the Eastern District of Michigan, and the events giving rise to the claims occurred in the Eastern District. Therefore, venue is proper under 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

7. Morningside Property Management, LLC is a for-profit corporation that develops and manages multi-family residential, retail, commercial, and public buildings.

8. Plaintiff was hired as a "Leasing Consultant," and she held that position until her termination on July 15, 2022.

9. Plaintiff's workload markedly increased in the beginning of 2022 when she was expected to plan and execute all monthly "resident events."

10. Additionally, Plaintiff was expected to respond to events such as power outages and fire alarms outside of normal business hours.

11. These additional duties prompted Plaintiff to ask for a modest raise, a request that was begrudgingly granted.

12. Plaintiff's supervisor, Michelle Rodesiler, continued to pile on tasks and increase her workload.

13. Ms. Rodesiler called Plaintiff names such as "stupid," "idiot," and "retarded" through the duration of her employment.

14. Plaintiff was tasked with a plethora of non-managerial duties, including but not limited to drywall repairs, tearing down flyers, and assisting residents with moving out.

15. Plaintiff was accused of not being a "team player" if she refused to do drywall repairs.

16. Plaintiff did not have the authority to hire, fire, or discipline employees.

17. Plaintiff did not exercise discretion and independent judgment with matters of significance and was not allowed to deviate from established policies and procedures.

18. Plaintiff's primary duties did not "require advanced knowledge," which has been defined as "work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgement." 29 C.F.R. § 541.301(e)(2).

19. Plaintiff estimates that she performed over 400 hours of unpaid overtime work from her initial hiring until her termination on July 15, 2022.

20. Plaintiff was misclassified as "exempt" and unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

21. On June 14, 2022, a maintenance employee stole property from a resident named Jacob Obron.

22. Mr. Obron discovered that his property was missing and inquired whether any maintenance employees had been in his unit.

23. The subject maintenance employee called Plaintiff to confess, stating, "I feel really guilty because I did take a lot of stuff. I am going to bring it back to him tonight."

24. Plaintiff's supervisor, Michelle Rodesiler, overheard the conversation and instructed Plaintiff to return the stolen property to the office because she would "handle it."

25. Mr. Obron visited the office later that day, but he was never informed about the theft, nor did he receive his property.

26. Ms. Rodesiler instructed Plaintiff to call Mr. Obron and "make up a lie" regarding the stolen property.

27. Ms. Rodesiler then accused Plaintiff of being "insubordinate" when she expressed her disgust with the order.

28. Plaintiff reported this unlawful theft of a resident's property, as well as the harassment she has endured from Ms. Rodesiler, to Marketing and Leasing Director Alison Soloway, Vice President of Asset Management Eric Slavik, and Director of Property Management Janie Caroom.

29. After making this report, Plaintiff texted Ms. Caroom, "I do not want to come in tomorrow and be punished for telling the truth."

30. Ms. Rodesiler proceeded to call her a "snake" and warned Plaintiff to "watch her back."

5

31. Ms. Rodesiler also stated, "You will not make it anywhere if you cannot bend the rules sometimes."

32. The following day, residents overheard Ms. Rodesiler screaming at Plaintiff.

33. Mr. Slavik terminated Plaintiff less than a month after this incident, clearly in retaliation for her report of harassment and for refusing to violate public policy guidelines.

34. Defendant offered her a severance equal to less than one month's salary.

35. Plaintiff's commission earned to date is being unlawfully withheld until she agrees to sign the severance agreement, which constitutes a violation of Michigan's Sales Representative Commission Act.

36. Ms. Rodesiler texted Plaintiff a deadline to sign a severance agreement or else be "marked as terminated."

37. Ultimately, Plaintiff was terminated in violation of Michigan public policy for refusing to be an accomplish to Defendant's crimes.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (UNPAID OVERTIME WAGES)

38. Plaintiff incorporates the allegations in the foregoing paragraphs.

6

39. Defendant has been, and continues to be, an enterprise that is engaged in interstate commerce, or has employees handling goods moved in commerce. 29 U.S.C. § 203.

40. Plaintiff estimates having performed at least 400 hours of overtime work.

41. Plaintiff was misclassified as "exempt" and unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

42. Defendant's violation was knowing and willful.

43. Plaintiff was deprived of wages in amounts to be determined at trial.

44. Plaintiff is entitled to compensation for unpaid wages, interest, liquidated damages, attorneys' fees and costs, and other remedies available at law or in equity.

## COUNT II
## VIOLATION OF MICHIGAN PUBLIC POLICY

45. Plaintiff herein reincorporates her allegations in the paragraphs above.

46. Plaintiff was retaliated against in contravention of public policy.

47. Plaintiff was terminated for refusing to be an accomplice to Defendant's crimes.

48. Defendant thereby caused significant economic and emotional hardship, including loss of earnings and earning capacity; loss of benefits and future

benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Tayler Buckberry requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. A judgment for lost wages and benefits, past and future;

d. An award of unpaid overtime wages, liquidated damages, costs and attorneys' fees under the FLSA;

e. Prejudgment interest; and

f. Such other relief as in law or equity may pertain.

Respectfully Submitted,<br>
HURWITZ LAW PLLC<br>
<br>
/s/ *Noah S. Hurwitz*<br>
Noah S. Hurwitz (P74063)<br>
Attorney for Plaintiff<br>
617 Detroit Street, Suite 125<br>
Ann Arbor, MI 48104<br>
(844) 487-9489

Dated: September 6, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLER BUCKBERRY,                                         Case No.

    Plaintiff,                                              Hon.

v.

MORNINGSIDE PROPERTY
MANAGEMENT, LLC, D/B/A
MORNINGSIDE USA,

    Defendants.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Grant Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street, Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com
grant@hurwitzlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff, Tayler Buckberry, by and through her attorneys, Hurwitz Law PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                      Respectfully Submitted,

                                      HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiff
Hurwitz Law PLLC
617 Detroit Street, Ste 125
Ann Arbor, MI 48104

Dated: September 6, 2022

10